UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **AHMED AHMED** | * | CIVIL ACTION |
| **VERSUS** | * | NO. 21-2260 "D" (4) |
| **ALEJANDRO MAYORKAS, SECRETARY, DEPARTMENT OF HOMELAND SECURITY, ET AL** | *  * | JUDGE VITTER  MAGISTRATE ROBY |

\* \* \*

**MEMORANDUM IN SUPPORT OF**
**MOTION FOR PARTIAL SUMMARY JUDGMENT**

**MAY IT PLEASE THE COURT**

The moving parties, Alejandro Mayorkas, Secretary of Department of Homeland Security, and Immigration and Customs Enforcement ("Federal Defendants") urge this Honorable Court to dismiss certain claims pursuant to Rule 12b(1) and Rule 56 of the Federal Rules of Civil Procedure asserted in this suit because: (1) Plaintiff is foreclosed by his EEO settlement agreement with the agency to pursue claims of hostile work environment and claims of "pattern of disparate treatment"; (2) Plaintiff is simultaneously challenging a decision issued by the Merit Systems Protection Board here and in the United States Court of Appeals for the Federal Circuit resulting in potentially conflicting decisions; and (3) liquidated damages are not available to Plaintiff.

**I.     STATEMENT OF THE CASE**

Plaintiff, Ahmed Ahmed, brings this mixed case against the Department of Homeland Security and its component agency alleging he was wrongfully terminated, subjected to a hostile work environment, terminated on account of discrimination, subjected to retaliation on account of whistleblowing, denied due process in his termination, and that the agency failed to establish that

1

he committed the alleged misconduct in his Notice of Removal. *See* Rec. Doc. 1, Complaint, ¶¶ 90-112.

This action is considered a "mixed case" because at the Merit System Protection Board ("MSPB") Plaintiff brought both discrimination and non-discrimination claims. *Aldrup v. Caldera*, 274 F.3d 282, 285-86 (5th Cir. 2001). In a mixed case, a district court applies a bifurcated standard of review. For Plaintiff's non-discrimination claims challenging his removal due to the Federal Defendants' failure to establish Plaintiff committed misconduct and harmful procedural and due process error, the Court's review is based on the administrative record. And a district court should uphold the MSPB's decision unless it is "arbitrary and capricious, unsupported by substantial evidence or otherwise not in accordance with law." *Id.* at 287 (citing 5 U.S.C. § 7703(c)).

As to Plaintiff's discrimination claims of hostile work environment, pattern of disparate treatment, and unlawful termination, Plaintiff is entitled to "trial de novo." 5 U.S.C. § 7703(c); *see also Aldrup*, 274 F.3d at 285. However, Plaintiff settled an EEO administrative complaint which specifically included the identical allegations set forth in paragraphs 75 through 89 of his Complaint. *See* Exhibit A, Declaration of Cary Elizabeth Zuk, ¶¶ 3 - 6. Therefore, Plaintiff's claims of hostile work environment and pattern of disparate treatment should be barred by res judicata.

Further, Plaintiff is currently challenging a decision of the MSPB claiming that his resignation from the agency was involuntary. Exhibit C, Plaintiff's Opening Brief in the United States Court of Appeals for the Federal Circuit, p. 11. In his brief, Plaintiff claims that a decision in that appellate court may impact, in part, the decision in this case. *Id.*, p. vi. Plaintiff also states that a decision in this Court may directly impact the litigation in the appellate court. *Id.*

## II. STANDARDS OF REVIEW

### A. Rule 56 of the Federal Rules of Civil Procedure

A motion for summary judgment shall be granted if the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Little v. Liquid Air Corp.*, 37 F.3d 1069 (5th Cir. 1994) (*en banc*). As to issues which the non-moving party has the burden of proof at trial, the moving party may satisfy this burden by demonstrating the absence of evidence supporting the non-moving party's claim. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). The burden shifts to the respondent to direct the attention of the court to evidence in the record sufficient to establish that there is a genuine dispute of material fact requiring a trial. *Id.* The responding party may not rest on mere allegations made in the pleadings as a means of establishing a genuine dispute worthy of trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986); *Little*, 37 F.3d at 1075. The non-moving party does not demonstrate the existence of a genuine dispute of fact by asserting "some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or only by a scintilla of evidence." *Little*, 37 F.3d at 1075; *Douglass v. United States*, 79 F.3d 1415, 1429 (5th Cir. 1996). Further, Rule 56 "does not impose on the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment." *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 916 n.7 (5th Cir. 1992).

"Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248. No genuine dispute of material fact exists if a rational trier of fact could not find for the nonmoving party based

on the evidence presented. *National Ass'n of Gov't Employees v. City Pub. Serv. Bd.*, 40 F.3d 698, 712 (5th Cir. 1994).

The Federal Defendants in this matter has satisfied the initial responsibility in moving for summary judgment by informing the Court of the basis for the motion through the Statement of Undisputed Facts and the attached exhibits, all of which demonstrate the absence of any genuine issue of material fact, and demonstrate that the Federal Defendants are entitled to judgment as a matter of law.

**B. Rule 12(b)(1) of the Federal Rule of Civil Procedure**

Federal Rule of Civil Procedure 12(b)(1) requires dismissal when a federal district court does not have the right to exercise its limited jurisdiction over the subject matter presented in the complaint. "Federal courts must resolve questions of jurisdiction before proceeding to the merits." *Ashford v. United States*, 463 F. App'x 387, 391-92 (5th Cir. 2012) (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 101 (1998), *USPPS, Ltd. v. Avery Dennison Corp.*, 647 F.3d 274, 283 & n.6 (5th Cir. 2011), and *Jasper v. FEMA*, 414 F. App'x 649, 651 (5th Cir. 2011)). "It is incumbent on all federal courts to dismiss an action whenever it appears that subject matter jurisdiction is lacking. This is the first principle of federal jurisdiction." *Stockman v. FEC*, 138 F.3d 144, 151 (5th Cir. 1998) (quotation and citation omitted). "The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction. Accordingly, the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citations omitted).

In considering a Rule 12(b)(1) motion to dismiss for lack of subject-matter jurisdiction "a court may evaluate: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's

resolution of disputed facts." *Den Norske Stats v. HeereMac Vof*, 241 F.3d 420, 424 (5th Cir. 2001); *Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996).

### III. PLAINTIFF'S CLAIMS OF HOSTILE WORK ENVIRONMENT AND PATTERN OF DISPARATE TREATMENT ARE BARRED BY RES JUDICATA

In his Complaint Plaintiff alleges he had filed an EEO administrative complaint with the EEO identifying 14 claims for investigation. Rec. Doc. 1, Complaint, ¶¶ 3; *see also* ¶¶ 46, 49. In his instant Complaint Plaintiff specifically sets forth 12 claims accepted by the EEO for investigation. *Id.*, ¶¶ 75-81, ¶¶ 83-86, and ¶¶ 88-89; *compare with* Exhibit A-2, Amended Partial Acceptance Letter, p. 3. Also included in his Complaint, are two claims that were not accepted for investigation due to failure to state a claim as a collateral attack on the Office of Professional Responsibility. *Id.* at ¶¶ 82, 87; *compare with* Exhibit A-2, Amended Partial Acceptance Letter, p. 3. These 14 claims of discrimination were all included in Plaintiff's EEO administrative complaint, number HS-ICE-00782-2017. Exhibit A-2, Amended Partial Acceptance Letter, pp. 1-3.

On March 18, 2021, Plaintiff accepted a written offer of resolution in full satisfaction of the claims of employment discrimination that he made against the U.S. Department of Homeland Security, Immigration and Customs Enforcement, in agency complaint number HS-ICE-00782-2017 and EEOC No. 460-2020-00231X. Exhibit A, Declaration of Cary Elizabeth Zuk, ¶ 5; Exhibit A-3, Offer of Resolution, pp. 1, 5. Plaintiff and his counsel signed the Offer of Resolution. *Id.* at pp. 4, 5. Accordingly, on April 8, 2021, EEOC Administrative Judge Nancy E. Graham ordered the dismissal of Agency No. HS-ICE-00782-2017, EEOC No. 460-2020-00231X with prejudice pursuant to the offer of resolution. Exhibit A, Declaration of Cary Elizabeth Zuk, ¶ 6; Exhibit A-4, Order of Dismissal with Prejudice.

Plaintiff's claims of discrimination set forth in paragraphs 75 through 89 of his Complaint are foreclosed by the settlement executed in March of 2021.

> "Under res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Allen v. McCurry*, 449 U.S. 90, 94 (1980). Res judicata "insures the finality of judgments and thereby conserves judicial resources and protects litigants from multiple lawsuits." *United States v. Shanbaum*, 10 F.3d 305, 310 (5th Cir. 1994). Res judicata prevents a later suit, such as this one, from collaterally attacking a prior judgment by a court of competent jurisdiction. *See In the Matter of Williams*, 298 F.3d 458, 461 (5th Cir. 2002) (prior final order cannot be collaterally attacked).

*Oreck Direct, LLC v. Dyson, Inc.*, 560 F.3d 398, 401 (5th Cir. 2009).

The Fifth Circuit has held that a "settlement agreement ... will carry res judicata effects so long as the settlement satisfies the four part test we use in evaluating the applicability of res judicata." *Matter of W. Texas Mktg. Corp.*, 12 F.3d 497, 500 (5th Cir. 1994). The four requirements that must be met for a claim to be barred by res judicata are: "(1) the parties are identical or in privity; (2) the judgment in the prior action was rendered by a court of competent jurisdiction; (3) the prior action was concluded by a final judgment on the merits; and (4) the same claim or cause of action was involved in both actions." *Petro-Hunt, L.L.C. v. United States*, 365 F.3d 385, 395 (5th Cir. 2004). Generally, where it applies, res judicata "bars all claims that were or could have been advanced in support of the cause of action on the occasion of its former adjudication, not merely those that were adjudicated." *Nilsen v. Moss Point*, 701 F.2d 556, 560 (5th Cir. 1983) (*citing Allen v. McCurry*, 449 U.S. 90, 94 (1980)). The Fifth Circuit has held that "[a] settlement agreement approved and embodied in a judgment by a court is entitled to full res judicata effect." *Matter of W. Texas Mktg. Corp.*, 12 F.3d 497, 500 (5th Cir. 1994) (internal quotation marks and citation omitted). *Cf. Russell v. SunAmerica Sec., Inc.*, 962 F.2d 1169, 1173

(5th Cir. 1992) (recognizing that "a consent judgment is a judgment on the merits, and is normally given the finality accorded under the rules of claim preclusion.") (internal quotation marks and citation omitted).

Here, all four requirements for the application of res judicata are satisfied. Plaintiff, himself, and the Secretary of the Department of Homeland Security are parties in the instant action and were parties in the EEO settlement. Exhibit A-3, signed Agency's Offer of Resolution to Complainant. Indisputably, the Administrative Jude, Nancy Graham, had jurisdiction over Plaintiff's EEO administrative complaint and that her dismissal, with prejudice, of Plaintiff's EEO claims was within her jurisdiction and a final judgment. Exhibit A-4, Order of Dismissal with Prejudice and Notice to the Parties. Finally, Plaintiff's allegations set forth in paragraphs 75 through 89 of his judicial Complaint are identical to the allegations of discrimination set forth in his EEO administrative complaint. See Rec. Doc. 1, Complaint, ¶¶ 75 – 89; *compare with* Exhibit A-2, Amended Partial Acceptance Letter, Agency No. HS-ICE-00782-2017, Statement of Claims.

If the Court finds the application of res judicata is not appropriate here, these claims of hostile work environment and pattern of disparate treatment should nonetheless be dismissed. Under Fifth Circuit precedent, "[s]ettlement agreements waiving substantial rights of parties and compromising a disputed liability are as conclusive as judgment following full litigation." *Liberto v. D.F. Stauffer Biscuit Co.*, 441 F.3d 318, 325 (5th Cir. 2006) (*citing J. Kahn Co. v. Clark*, 178 F.2d 111, 114 (5th Cir. 1949)); *see also Cia Anon Venezolana de Navegacion v. Harris*, 374 F. 2d 33, 34 (5th Cir. 1967) ("[A]n agreement of the parties settling a disputed liability is as conclusive of their rights as a judgment would be if it had been litigated instead of compromised." (internal quotations omitted)).

IV.  **PRINCIPLES OF COMITY**

On January 7, 2022, Plaintiff filed an appeal with the United States Court of Appeals for the Federal Circuit challenging the MSPB's decision of October 4, 2021, in connection with his removal from Federal service. Exhibit B, *Ahmed v. MSPB*, #22-1347, United States Court of Appeals for the Federal Circuit docket sheet; Exhibit C, Plaintiff's Opening Brief in the United States Court of Appeals for the Federal Circuit, p. 11. Here, Plaintiff is challenging a decision of the MSPB claiming that his resignation from the agency was involuntary. Rec. Doc. 1, Complaint, ¶ 22. In his brief, Plaintiff states that the decision in the Federal Circuit may impact, in part, the decision in this case. Exhibit C, Plaintiff's Opening Brief in the United States Court of Appeals for the Federal Circuit, p. vi. Plaintiff also states that a decision in this Court may directly impact the litigation in the appellate court. *Id.*

The Supreme Court has stated the "general principle" that federal courts should follow when a situation involves the exercise of "wholly federal concurrent jurisdiction" is to "avoid duplicative litigation" as it rests on considerations of wise judicial administration. *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976) (citations omitted). The Fifth Circuit has noted that the concerns of this principle are to "to avoid the waste of duplication, to avoid rulings which may trench upon the authority of sister courts, and to avoid piecemeal resolution of issues that call for a uniform result." *W. Gulf Mar. Ass'n v. ILA Deep Sea Local 24*, 751 F.2d 721, 729 (5th Cir. 1985) (citations omitted). Accordingly, and following the principle of comity, the Fifth Circuit stated that a district court should stay, dismiss, or transfer the latter-filed action "where the issues can be resolved in an earlier-filed action pending in another district court" as this circuit applies the first-filed rule. *Id.* at 728-29, 730. However, the rule does not "require that cases be identical" but that they substantially overlap on substantive issues. *Save Power Ltd.*

*v. Syntek Fin. Corp.*, 121 F.3d 947, 950 (5th Cir. 1997) (citing *Mann Mfg., Inc. v. Hortex, Inc.*, 439 F.2d 403, 408 (5th Cir. 1971)).  Furthermore, the Fifth Circuit has also noted that the first-filed rule applies when the second-filed suit is pending in a federal district court and the first-filed suit is pending on appeal to a federal court of appeals in a different circuit as the "same policy concerns for avoiding duplicative litigation and comity exist." *Burger v. Am. Mar. Officers Union*, 170 F.3d 184, 1999 WL 46962, at *1 (5th Cir. Jan. 27, 1999) (per curiam) (finding the U.S. District Court for the Eastern District of Louisiana did not abuse its discretion in applying the first-filed rule when the first-filed suit was pending on appeal to the U.S. Court of Appeals for the Eleventh Circuit).

## V.     LIQUIDATED DAMAGES

Plaintiff seeks damages to include liquidated damages against the Federal Defendants. Rec. Doc. 1, Complaint, ¶¶ 97, 104, 112; *see also* p. 1.

The Fifth Circuit has held federal employees are not entitled to liquidated damages against their government employer without mention of waiver of sovereign immunity liquidated damages in the legislation itself.  *Smith v. Office of Pers. Mgmt.*, 778 F.2d 258, 263–64 (5th Cir. 1985) ("Liquidated damages are permitted only in private sector cases in which the employer's conduct is willful.  Had Congress intended to allow such an extraordinary remedy in a suit against the United States, certainly Congress would have expressly provided for it. We refuse to imply such a remedy in a suit against the sovereign.").

Here, Plaintiff was a federal employee who is seeking liquidated damages from the Department of the Homeland Security, a federal government agency.  The federal government has not waived immunity from demands for liquidated damages in Title VII suits, and, as such,

liquidated damages are barred by sovereign immunity. Accordingly, Plaintiff's demands for liquidated damages should be dismissed.

## VI. CONCLUSION

Based upon the foregoing, the Federal Defendants pray that this Motion be granted and that Plaintiff's claims of hostile work environment, "pattern of disparate treatment", and claims for liquidated damages be dismissed with prejudice. Federal Defendants also pray that the Court be aware of the potential waste of duplication, rulings which may trench upon the authority of sister court, and the possibility of piecemeal resolution of issues.

Respectfully Submitted,

DUANE A. EVANS
UNITED STATES ATTORNEY


 */s/ Sandra Ema Gutierrez*
**SANDRA EMA GUTIERREZ**
Assistant United States Attorney
LA Bar No. 17888
650 Poydras Street, Suite 1600
New Orleans, Louisiana  70130
(504) 680-3000
Sandra.gutierrez@usdoj.gov