In The

# United States Court of Appeals

### For The Federal Circuit

# AHMED AHMED,

*Petitioner,*

**v.**

# MERIT SYSTEMS PROTECTION BOARD,

*Respondent.*

## ON PETITION FOR REVIEW FROM
## THE MERIT SYSTEMS PROTECTION BOARD
## IN NO. DA-0752-21-0003-I-1

─────────────

## BRIEF OF PETITIONER

─────────────

**Michael Kleinman**
LAW OFFICES OF ERIC L. PINES, PLLC
**10101 Fondren Road, Suite 575**
**Houston, Texas 77096**
**(678) 371-4775**
**michael@pinesfederal.com**

*Counsel for Petitioner*

<span style="color:red">**Exhibit C**</span>

**FORM 9. Certificate of Interest**

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## <u>CERTIFICATE OF INTEREST</u>

| | |
|---|---|
| **Case Number** | 2022-1347 |
| **Short Case Caption** | Ahmed v. DHS |
| **Filing Party/Entity** | Petitioner |

> **Instructions:** Complete each section of the form.  In answering items 2 and 3, be specific as to which represented entities the answers apply; lack of specificity may result in non-compliance.  **Please enter only one item per box; attach additional pages as needed and check the relevant box**.  Counsel must immediately file an amended Certificate of Interest if information changes.  Fed. Cir. R. 47.4(b).

I certify the following information and any attached sheets are accurate and complete to the best of my knowledge.

Date: 01/20/2022

Signature: /s/ Michael Kleinman

Name: Michael Kleinman, Esq.

FORM 9. Certificate of Interest

Form 9 (p. 2)
July 2020

| 1. Represented Entities. Fed. Cir. R. 47.4(a)(1). | 2. Real Party in Interest. Fed. Cir. R. 47.4(a)(2). | 3. Parent Corporations and Stockholders. Fed. Cir. R. 47.4(a)(3). |
|---|---|---|
| Provide the full names of all entities represented by undersigned counsel in this case. | Provide the full names of all real parties in interest for the entities.  Do not list the real parties if they are the same as the entities.<br><br>☑ None/Not Applicable | Provide the full names of all parent corporations for the entities and all publicly held companies that own 10% or more stock in the entities.<br><br>☑ None/Not Applicable |
| Ahmed, Ahmed | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

☐   Additional pages attached

Case 2:22-cv-01447-BV-MHH  Document 6  Page 3  Filed 06/22/2022  Page 4 of 64

**4. Legal Representatives.** List all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities. Do not include those who have already entered an appearance in this court. Fed. Cir. R. 47.4(a)(4).

☐  None/Not Applicable  ☐  Additional pages attached

| | | |
|---|---|---|
| Law Offices of Eric L. Pines, LLC | Stephen Goldenzweig, Esq. | Justin Schnitzer, Esq. |
| Amanda Moreno, Esq. | Lynnette Whitfield, Esq. (prior counsel) | Lynette A. Whitfield, Attorney at Law (prior law firm) |
| Michael Kleinman, Esq. | | |

**5. Related Cases.** Provide the case titles and numbers of any case known to be pending in this court or any other court or agency that will directly affect or be directly affected by this court's decision in the pending appeal. Do not include the originating case number(s) for this case. Fed. Cir. R. 47.4(a)(5). See also Fed. Cir. R. 47.5(b).

☑  None/Not Applicable  ☐  Additional pages attached

| | | |
|---|---|---|
| | | |
| | | |
| | | |

**6. Organizational Victims and Bankruptcy Cases**. Provide any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees). Fed. Cir. R. 47.4(a)(6).

☑  None/Not Applicable  ☐  Additional pages attached

| | | |
|---|---|---|
| | | |
| | | |

<u>TABLE OF CONTENTS</u>

<u>Page</u>

TABLE OF AUTHORITIES ................................................................... iii

STATEMENT OF RELATED CASES .......................................................vi

INTRODUCTION OF THE CASE ..........................................................1

I.    JURISDICTIONAL STATEMENT ...............................................3

II.   STATEMENT OF THE ISSUES ....................................................4

III.  STATEMENT OF THE CASE ........................................................4

       STATEMENT OF FACTS ............................................................6

IV.  SUMMARY OF THE ARGUMENT ............................................11

V.   ARGUMENT.................................................................................15

    A.    Standard of Review ...........................................................15

    B.    The Administrative Judge Erred in Determining that the Board Lacked Jurisdiction Over Mr. Ahmed's Appeal .................................16

         i.    Mr. Ahmed's Case is Subject to Board Jurisdiction Because He Involuntarily Resigned Based on Agency Misrepresentation....................................................18

         ii.   Mr. Ahmed's Case is Subject to Board Jurisdiction Because His Case Involves Constructive Suspension ..............24

         iii.  Mr. Ahmed's Case is Subject to Board Jurisdiction Because It Involves a Separate and Distinct Action from any Related EEO Settlement and is Not a Collateral Attack on any Pertinent EEO Settlement ............................................26

VI.     CONCLUSION AND PRAYER FOR RELIEF ...........................................33

ADDENDUM

CERTIFICATE OF FILING AND SERVICE

CERTIFICATE OF COMPLIANCE

## TABLE OF AUTHORITIES

Page(s)

CASES

*Aldridge v. Dept. of Agriculture*,
　111 M.S.P.R. 670 (2009).................................................................19

*Alta Wind I Owner Lessor C v. United States*,
　897 F.3d 1365 (Fed. Cir. 2018)......................................................33

*Baldwin v. Dept. of Veterans Affairs*,
　111 M.S.P.R. 586 (Jul. 9, 2009).....................................................19

*Bledsoe v. Merit Sys. Prot. Bd.*,
　659 F.3d 1097 (Fed. Cir. 2011).......................................................15

*Briggs v. Merit Sys. Prot. Bd.*,
　331 F.3d 1307 (Fed. Cir. 2003).......................................................15

*Campion v. Merit Sys. Prot. Bd.*,
　326 F.3d 1210 (Fed. Cir. 2003).......................................................15

*Carter v. Department of Navy*,
　6 M.S.P.B. 92 (1981)................................................................16, 23

*Conforto v. Merit Sys. Prot. Bd.*,
　713 F.3d 1111 (Fed. Cir. 2013)......................................................19

*Contreras v. Sec'y of Health & Hum. Servs.*,
　844 F.3d 1363 (Fed. Cir. 2017)......................................................33

*Covington v. Dept. of Health and Human Services*,
　750 F.2d 937 (Fed. Cir. 1984)....................................................19, 20

*Ferguson v. Dept. of Justice*,
　23 M.S.P.R. 55 (1984)..................................................................25

*Garcia v. Dept. of Homeland Security*,
    437 F.3d 1322 (Fed. Cir. 2006) ......................................................3, 16, 17, 18

*Gleaves v. Department of the Navy*,
    36 M.S.P.R. 558 (1988) ...................................................................................16

*Gratehouse v. United States,*
    206 Ct. Cl. 288, 512 F.2d 1104 (Ct. Cl. 1975) .............................................17

*Halloway v. U.S. Postal Serv.*,
    993 F.2d 219 (Fed. Cir. 1991) ...................................................................17, 24

*Johnson v. U.S. Postal Service*,
    108 M.S.P.R. 502 (2008), *aff'd,*
    315 F. App'x 274 (Fed. Cir. March 9, 2009) .................................................31

*Martin v. U.S. Postal Service*,
    123 M.S.P.R. 189 (Jan 21, 2016) ..............................................................18, 24

*McEntee v. Merit Sys. Prot. Bd.*,
    404 F.3d 1320 (Fed. Cir. 2005) .....................................................................15

*Murray v. U.S. Postal Service*,
    68 M.S.P.R. 177 (1995).....................................................................................17

*Palmer v. U.S. Postal Service*,
    50 M.S.P.R. 552 (1991).....................................................................................25

*Rosario-Fabregas v. Merit Sys. Prot. Bd.*,
    833 F.3d 1342 (Fed. Cir. 2016) .....................................................................17

*Salazar v. Dept. of the Army*,
    115 M.S.P.R. 296 (Dec. 7, 2010) ..............................................................19, 23

*Scharf v. Dept. of the Air Force*,
    710 F.2d 1572 (Fed. Cir. 1983) ...............................................................18, 19

*Shoaf v. Dep't of Agric.*,
    260 F.3d 1336 (Fed. Cir. 2001) .....................................................................17

iv

*Terban v. Dep't of Energy*,
216 F.3d 1021 (Fed. Cir. 2000) ...................................................................19

*Tyrrell v. Dept. of Veterans Affairs*,
60 M.S.P.R. 276 (1994)...............................................................................25

*Sullivan v. Department of Veterans Affairs*,
79 M.S.P.R. 81 (1998)..................................................................................16

*Vitale v. Department of Veterans Affairs*,
107 M.S.P.R. 501 (MSPB 2007) .................................................................17

*Wade v. Department of Veterans Affairs*,
61 M.S.P.R. 580 (1994)................................................................................16

STATUTES

5 U.S.C. § 7512.........................................................................................3, 16

5 U.S.C. § 7513(d) ..........................................................................................16

5 U.S.C. § 7701(a) ..........................................................................................16

5 U.S.C. §7703...................................................................................................3

5 U.S.C. § 7703(c) ...........................................................................................15

28 U.S.C. § 1295(a)(9)........................................................................................3

REGULATIONS

5 C.F.R. § 7703 .................................................................................................3

29 C.F.R. § 1614.504 .......................................................................................30

UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT
AHMED AHMED V. MERIT SYSTEMS PROTECTION BOARD

CASE NO 22-1347

STATEMENT OF RELATED CASES

a)   This case was initially appealed to the Merit Systems Protection Board

1)   The title and number of the earlier appeal was Ahmed Ahmed v. Department of Homeland Security, Dock No.: DA-0752-21-0003-I-1.
2)   The date of the initial decision was October 4, 2021.
3)   The decision was rendered by Administrative Judge Theresa J. Chung.
4)   The citation to the opinion in the Federal Reporter is N/A.

b)   Case 2:21-cv-00260-WBV-KWR Ahmed v. Department of Homeland Security, in the United States District Court in the Eastern District of Louisiana, may directly affect this Court's decision in this case.

c)   Case 2:21-cv-00260-WBV-KWR Ahmed v. Department of Homeland Security, pending in the United States District Court in the Eastern District of Louisiana, may be impacted in part by the decision in this case.

Date: May 20, 2022

/s/ Michael Kleinman, Esq.
Law Offices of Eric L. Pines, PLLC
10101 Fondren Road, Suite 575
Houston, Texas 77096
www.PinesFederal.com
michael@pinesfederal.com
800-801-0598 ext. 1008 (Office)
888-215-0397 (Fax)

<u>INTRODUCTION OF THE CASE</u>

Petitioner Ahmed Ahmed ("Mr. Ahmed") filed the instant Petition appealing the Merit Systems Protection Board (the "Board" or "MSPB")'s determination that it does not have jurisdiction over Petitioner's claims of involuntary resignation, constructive removal, and constructive suspension against the Department of Homeland Security (the "Agency").

On June 2, 2018, Petitioner and his former employing agency, the Department of Homeland Security, executed a Settlement Agreement pursuant to an EEO case filed under Agency No. HS-ICE-000782-2017. The Settlement Agreement ("Agreement") contained provisions in which Petitioner agreed to resign in consideration for several benefits in return, including a clean personnel record. The Agency thereafter refused to provide a clean personnel record, among other things, due to the then-recently-passed Executive Order 13839, which specifically forbade federal agencies from executing settlement agreements in which personnel records would be changed or altered. Petitioner thereafter filed a breach action, and on or about March 3, 2020, the Equal Employment Opportunity Commission's ("EEO") Office of Federal Operations ("OFO") found that the Settlement Agreement was entered into based on a mutual mistake of law and gave Petitioner the option to void the agreement, an option which he thereupon exercised. With the Agreement now void, the legal status of the Petitioner was that of an employee who had not been

1

separated from employment.  Since Petitioner had not been separated from his position, he should have had the same rights as any other employee of the Agency to continue working and receiving pay and benefits from the original separation date until at least the point when the Agency ultimately executed a Decision to Remove him from the Agency.  Instead, the Agency did not allow the Petitioner to work his job and failed to pay him back pay and continuing pay from 2018 to present. Petitioner then filed the underlying Board appeal.

Petitioner has Board jurisdiction for these actions on the theory of involuntary resignation, constructive removal, and/or constructive suspension.  The AJ erred in determining this is an enforcement issue for the EEO OFO.  First, even if returning the Petitioner to work and/or reinstating him was the operative issue, the Board would have jurisdiction because the OFO did not include in its Decision any discussion or Orders on actions to be taken if and when the Settlement Agreement was voided, other than for the Agency to reinstate the original EEOC complaint for processing.

Moreover, and perhaps most importantly, since the resignation no longer existed after the Agreement was voided, the issue was not a failure to return the Petitioner to work under these facts.  Rather, the issue was that the Petitioner's status upon voiding of the Agreement became that of a continuously-employed employee, no different from any other employees.  However, Petitioner was not allowed to

2

continue working or receive pay and benefits post-voiding of the Agreement, and was moreover denied back pay and benefits during the period from his last date of pay from the Agency and the voiding of the Agreement. Furthermore, the Agency's continued enforcement of a resignation *solely* given pursuant to a voided Agreement, constituted continued reliance and refusal to allow rescission of the resignation, and resulted in an involuntary resignation. Accordingly, the Board's decision to deny Petitioner jurisdiction was made in error.

## I.     JURISDICTIONAL STATEMENT

The United States Court of Appeals for the Federal Circuit ("the Court") has jurisdiction over this appeal pursuant to 28 U.S.C. § 1295(a)(9) and 5 C.F.R. § 7703 because Petitioner was adversely affected or aggrieved by a final decision of the Merit Systems Protection Board. The MSPB has jurisdiction over Petitioner's initial appeal pursuant to 5 U.S.C. § 7512 and *Garcia v. Dept. of Homeland Security*, 437 F.3d 1322, 1328 (Fed. Cir. 2006). This petition follows an *Initial Decision* by the MSPB, dated October 4, 2021, which dismissed the Petitioner's appeal for lack of jurisdiction. This Petition for Review was timely filed in the United States Court of Appeals for the Federal Circuit on January 7, 2022, within sixty (60) days of receipt of the final judgement, November 8, 2021. *See* 5 U.S.C. § 7703.

## II.     STATEMENT OF THE ISSUES

1. Whether the Administrative Judge Erred in Dismissing Petitioner's Appeal for Lack of Jurisdiction.

## III.     STATEMENT OF THE CASE

On October 1, 2020, Petitioner Ahmed Ahmed filed an appeal with the Board against the Department of Homeland Security ("Agency") alleging that he retired involuntarily and was subjected to constructive discharge.  Mr. Ahmed requested a hearing on this matter.

On October 2, 2020, Administrative Judge Theresa Chung (the "AJ" or "Administrative Judge") issued an Acknowledgment Order which included an Order to file evidence and argument that the action was within the Board's jurisdiction. The AJ received responses from the parties to the Jurisdiction Order.

On October 30, 2020, the AJ promulgated an Order finding that the Petitioner had made a nonfrivolous allegation of jurisdiction on the appeal and scheduled a hearing for December 10, 2020.

On November 30, 2020, Mr. Ahmed filed Prehearing Submissions that included argument that the Board held jurisdiction.

On December 1, 2020, Mr. Ahmed withdrew his request for hearing at a conference with the AJ and the Agency, resulting in a Decision without a hearing based on documents in the record.  On December 2, 2020, the AJ promulgated an

4

order stating that at issue in the appeal is whether Mr. Ahmed's resignation was involuntary. The AJ ordered that the parties were required to file evidence and argument on this issue in light of the March 3, 2020, decision of the OFO and Mr. Ahmed's subsequent election to void the subject Settlement Agreement ("Agreement"). The OFO Decision found that the parties had relied upon the material and erroneous assumption that one of the provisions of the Agreement by which Mr. Ahmed promised to resign was lawful and enforceable, and that therefore that Mr. Ahmed should be given the option to void the Agreement.

On March 1, 2021, the AJ held a conference with Mr. Ahmed and the Agency and ordered additional briefing by no later than April 5, 2021, with responses required by April 12, 2021. The parties subsequently filed evidence and argument pertaining to those issues.

On October 4, 2021, the Administrative Judge issued an *Initial Decision* ("ID") dismissing the appeal for lack of jurisdiction wherein the AJ made the following findings: (1) the proper forum for addressing allegations of bad faith, compliance, and enforcement, with regard to a settlement agreement of an EEOC complaint is the OFO/EEOC; (2) Mr. Ahmed's requested relief stemmed primarily from OFO/EEOC's processing of his PFE and a settlement agreement executed in that forum; (3) the Board lacked jurisdiction over his claims, and that the EEOC appeared to be the proper forum for Mr. Ahmed's claims regarding his resignation;

and (4) that despite the OFO's refusal to docket Mr. Ahmed's PFE, the inability to obtain relief before the EEOC did not confer Board jurisdiction over the matter.

STATEMENT OF FACTS

On January 26, 2017, Mr. Ahmed initiated contact with an Equal Employment Opportunity (EEO) counselor at the Agency, and on May 11, 2017, Mr. Ahmed filed a formal complaint of discrimination. Appx572.

On November 6, 2017, the Agency issued a Notice of Proposed Removal, proposing to remove Mr. Ahmed from his position with the Agency. Appx162-170. Mr. Ahmed responded to the proposed removal. Appx172-191. The Agency, however, never issued a final decision on the proposal prior to entering into the subject Settlement Agreement (referenced below). Appx572.

On May 25, 2018, former President Donald Trump issued Executive Order 13839: Promoting Accountability and Streamlining Removal Procedures Consistent with Merit Systems Principles. Section 5 of the Executive Order includes language forbidding agencies from erasing information from an employee's official personnel records ("OPR") as a part of settling challenges to adverse personnel actions. *Id*.

On June 2, 2018, Mr. Ahmed and the Agency entered into a Settlement Agreement ("Agreement") and pursuant to the terms in the Agreement, Mr. Ahmed agreed to resign from the Agency. Appx193-197. Mr. Ahmed resigned from the Agency effective December 8, 2018, pursuant to that Agreement. Appx1048. In

6

consideration for Mr. Ahmed's actions, the Agency agreed to rescind a Notice of Proposed Removal, dated November 6, 2017; to allow Mr. Ahmed to continuing working until July 6, 2018; to use annual leave between July 6, 2018, and July 20, 2018; and to remain on Leave without Pay status until December 8, 2018.  The Agency processed Mr. Ahmed's resignation, effective December 8, 2018.  Appx193-197, Appx1048.

On October 18, 2018, Mr. Ahmed notified the Agency that there was a breach of the Agreement.  Appx29.  On November 29, 2018, the Agency issued a Breach Decision finding that there had not been a breach of the Agreement.  Appx199-203.  Mr. Ahmed then appealed this Decision to the Equal Employment Opportunity Commission's ("EEOC") Office of Federal Operations ("OFO"), and on March 3, 2020, the OFO issued a decision, determining that both parties relied upon the material and erroneous assumption that one of the provisions in the Settlement Agreement was lawful and enforceable and that therefore Mr. Ahmed should be given the option to void the Agreement.  Appx205-213.

On March 12, 2020, Mr. Ahmed notified the Agency of his decision to void the entire Agreement and to have the underlying EEO complaint reinstated from the point of processing.  Appx215.  On July 2, 2020, the Agency uploaded Mr. Ahmed's decision to reinstate the complaint and the Report of Investigation into FedSep, and

on July 7, 2020, the EEOC's Houston District Office issued an Acknowledgment Order in EEOC Case No. 460-2020-00231X.  Appx303-308.

On August 21, 2020, Mr. Ahmed filed a Petition for Enforcement ("PFE") with the OFO; the sole issue in the PFE was the failure of the Agency to return Mr. Ahmed to *status quo ante* when it failed to reinstate his employment after the Agreement had been voided.  Appx217-225.  On August 26, 2020, the Agency filed a compliance report with the EEOC asserting that it had complied with the March 3, 2020 OFO decision.  Appx227-228.  On September 9, 2020, Clementine M. Jackson, a compliance specialist, notified Mr. Ahmed's prior counsel, Ms. Lynette Whitfield, that the EEOC would not be docketing the PFE since the issues in the case would be addressed by an EEOC administrative judge.  Appx231.  That same day, Mr. Ahmed sent a letter to Ms. Jackson requesting that the PFE be docketed since the issues of Mr. Ahmed's reinstatement was not one of the issues before the EEOC administrative judge.  Appx233-234.  The letter mentioned that the issues in the case that was pending before the EEOC did not include Mr. Ahmed's resignation, issues regarding his work status related to the *status quo ante*, and the Agency's failure to continue paying Mr. Ahmed after the resignation was voided; and that despite that the Agency reinstated Mr. Ahmed's EEO complaint, the Agency failed to reinstate him after the Agreement was voided in its entirety.  *Id*.

8

On September 21, 2020, Ms. Jackson notified Mr. Ahmed's prior counsel, Ms. Whitfield, that the OFO decided not to docket the PFE.  Appx241.

On October 1, 2020, Mr. Ahmed filed an appeal with the Board, and on October 2, 2020 Administrative Judge ("AJ") Theresa Chung issued an Acknowledgement Order, which included an order for the parties to file evidence and argument that the Board held jurisdiction to hear the case.  Appx1278.

On October 29, 2020, there was a telephonic status conference between the AJ and the parties, and during this conference, the AJ found that Mr. Ahmed had made a nonfrivolous allegation of jurisdiction in his Board appeal; specifically, that his resignation was involuntary.  Appx577.  On October 30, 2020, the AJ issued an order memorializing this finding.  Appx277.   The order cited Board precedent finding for jurisdiction in the following scenarios: (1) when an employee brings sufficient evidence to establish the resignation was the result of duress or was based on misleading information furnished by agency officials; (2) when the Board must consider the validity of a pre-appeal settlement agreement, by which Mr. Ahmed agreed to resign, so as to determine its effect on the personnel action before the Board; and (3) when a party challenges the validity of the settlement agreement, regardless of whether it had been entered into the record for enforcement, if the party believed that the agreement was unlawful, involuntary, or the result of fraud or mutual mistake. *Id*.

On December 1, 2020, the AJ held a status conference with the parties, and on the following day, issued an order that the following issue was still in dispute: namely, whether Mr. Ahmed's resignation on December 8, 2018, was involuntary as a result of the March 3, 2020, decision of the Office of Federal Operations. Appx672.

On February 10, 2021, a status conference was held in the reinstated EEO case with EEOC Administrative Judge Nancy E. Graham ("AJ Graham"). Appx1179-1184. That day, AJ Graham issued a Post Conference Order with Deadlines and Record Development Requirements, which memorialized AJ Graham's decision to only reinstate Mr. Ahmed's EEO claims that were dismissed pursuant to the June 2, 2018 Agreement. Any issues of removal or constructive discharge were not discussed or reinstated. Appx1124, Appx1180.

On October 4, 2021, the Administrative Judge issued an *Initial Decision* ("ID") dismissing the appeal for lack of jurisdiction. The AJ determined the following: (1) the proper forum for addressing allegations of bad faith, compliance, and enforcement, with regard to a settlement agreement of an EEOC complaint is the OFO/EEOC; (2) Mr. Ahmed's requested relief stemmed primarily from OFO/EEOC's processing of his PFE and a settlement agreement executed in that forum; (3) the Board lacked jurisdiction over his claims, and that the EEOC appeared to be the proper forum for Mr. Ahmed's claims regarding his resignation; and (4)

that despite the OFO's refusal to docket Mr. Ahmed's PFE, the inability to obtain

relief before the EEOC did not confer Board jurisdiction over the matter.  Appx1-9.

### IV.    SUMMARY OF THE ARGUMENT

First, Mr. Ahmed's case is subject to Board jurisdiction because he has come

forward with sufficient evidence to establish that his resignation was involuntary.

Specifically, he has provided sufficient evidence that he did not make an informed

choice to resign, and his decision to resign was the result of mutual mistake based

on agency misrepresentation, even if that misrepresentation was not necessarily

intentional misrepresentation.

Second, Mr. Ahmed's case is subject to Board jurisdiction because his case

involves constructive removal and/or suspension.  Specifically, Mr. Ahmed has

brought forth sufficient evidence to show that after he voided the June 2, 2018

Agreement, the Agency failed to allow him to continue to work in his position and

obtain the pay and benefits from his position after the resignation became void,

effectively enforcing the prior resignation and forcing an involuntary resignation,

involuntary, constructive removal, and/or constructive suspension.

Third, Mr. Ahmed's case is subject to Board jurisdiction because it involves

a separate and distinct action from any related EEO Settlement and is not a collateral

attack on any pertinent EEO settlement.  Instead, the appeal sought to correct the

Agency's constructive discharge of Mr. Ahmed.  When Mr. Ahmed eventually

voided the Agreement on March 12, 2020, it was as if the Agreement no longer existed, and Mr. Ahmed became an employee of the Agency awaiting a Decision on a Proposed Removal. The Agency's failure to pay Mr. Ahmed his normal salary and its insistence on continuing to treat him as if his resignation was still effective, despite the fact that the resignation had been voided and/or otherwise revoked, canceled, and/or invalidated, coupled with the fact that it did not pay him any back pay or continuing pay for continued employment, effectively rendered Mr. Ahmed dis-employed. In other words, the Agency created a situation of enforcing an involuntary resignation.

The AJ erred in determining Mr. Ahmed's Board appeal is an enforcement issue for the EEO OFO. First, even if returning Mr. Ahmed to work and/or reinstating him was the operative issue, the Board would have jurisdiction because the OFO did not include in its Decision any discussion or Orders on actions to be taken if and when the Agreement was voided, other than for the Agency to reinstate the original complaint for processing. Moreover, and perhaps most importantly, as discussed above, since the resignation no longer existed after the Agreement was voided, the issue was not a failure to return Petitioner to work under these facts; rather the issue is that Petitioner, whose status upon voiding of the Agreement became that of a continuously-employed employee no different from any other employee, was not allowed to continue working and continue receiving pay and

benefits post-voiding of the Agreement, and was moreover denied back pay and benefits during the period from his last date of pay from the Agency and the voiding of the Agreement.

Petitioner further respectfully submits that EEO OFO's silence in its Decision regarding that status of Petitioner upon voiding of the Agreement supports this understanding of his status upon voiding the Agreement. If the EEO OFO wanted to characterize the issue as a reinstatement—and to possibly tie legal remedies to an enforcement action—they would have ordered it as part of any relief. Instead, the EEO OFO effectively allowed the parties' legal rights to accrue naturally upon the Agreement being voided. The only legal right that would not accrue naturally was the continued processing of the Complaint by the Agency, which explains why that was the relief Ordered. This interpretation is further bolstered by the fact that the OFO declined to docket the enforcement matter any further, and that AJ Graham declined to include the removal issue in any EEO proceeding. These facts demonstrate that the EEO (both at the trial level and the OFO level) considered the Agency in compliance with the Order.

The Agency appears to argue in its briefs that being in compliance with the OFO order ends the matter. Petitioner disagrees, and this is a fundamental issue on appeal. Petitioner argues that even if the Agency was in compliance with the EEO OFO's Decision which Ordered the Agency to reinstate EEO complaint

processing—which is the only major provision in the OFO's Order directly ordering the Agency to take action—it was only in compliance with the Decision because the Decision left the Parties to address further legal rights regarding the resulting status of the Parties after the Agreement was voided.

This is further supported by the fact that any other reading would be unconscionable and illogical, as it would necessitate a scenario in which the Agency procures valuable consideration—the resignation of an employee who was not otherwise inclined to resign—in exchange for a promise it cannot keep (and was in a better position to keep since the mutual mistake of law cited in the EEO OFO Decision was a federal Executive Order controlling federal agencies' actions in every settlement agreement made by every federal agency) and then gets to reap the benefit of that consideration despite the resignation having never existed, after both it and the Agreement were voided. Even if the resignation were not voided along with the Agreement, the Agency's continued enforcement of a resignation given pursuant to a voided Agreement constituted a refusal to allow rescission of the resignation, and resulted in an involuntary resignation,

Furthermore, Mr. Ahmed's Board appeal is not a collateral attack on the EEOC/OFO, as by definition the EEOC/OFO is not authorized to hear issues of removal and discharge. Any issue of removal and discharge heard in an EEOC forum automatically constitutes a mixed case complaint, and the EEOC is divested

of jurisdiction over such issues, with jurisdiction of those issues conferred on the MSPB.

## V.     ARGUMENT

### A.     Standard of Review

The Board's decision must be affirmed unless it was: "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule or regulation having been followed; or, (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c); *see Briggs v. Merit Sys. Prot. Bd.*, 331 F.3d 1307, 1311 (Fed. Cir. 2003).

The Federal Circuit reviews the Board's determinations of law for correctness without deference to the Board's decision. *McEntee v. Merit Sys. Prot. Bd.*, 404 F.3d 1320, 1325 (Fed. Cir. 2005). The question of Board jurisdiction over an appeal is a question of law that the court reviews *de novo. Campion v. Merit Sys. Prot. Bd.*, 326 F.3d 1210, 1212 (Fed. Cir. 2003). With regard to the underlying factual findings, the Federal Circuit will only affirm the Board's decision if it is supported by substantial evidence in accordance with the law, and is not procedurally defective, arbitrary, or capricious. *Bledsoe v. Merit Sys. Prot. Bd.*, 659 F.3d 1097, 1101 (Fed. Cir. 2011).

The Board has jurisdiction over an appeal of an involuntary resignation. Although employee resignations are presumed to be valid, this presumption will not

prevail if the employee comes forward with sufficient evidence to establish the resignation was the result of duress, or was based on misleading information furnished by agency officials. *Carter v. Department of Navy*, 6 M.S.P.B. 92, 93 (1981). Further, the Board has authority to consider the validity of a pre-appeal settlement agreement, by which the appellant agreed to resign, so as to determine its effect on the personnel action before the Board. *Sullivan v. Department of Veterans Affairs*, 79 M.S.P.R. 81, 84-85 (1998). A party may challenge the validity of a settlement agreement, regardless of whether it has been entered into the record for enforcement, if the party believes that the agreement is unlawful, involuntary, or the result of fraud or mutual mistake. *Wade v. Department of Veterans Affairs*, 61 M.S.P.R. 580, 583 (1994); *see also Gleaves v. Department of the Navy*, 36 M.S.P.R. 558, 560–61 (1988) (determining that the agency's failure to honor a "clean record" agreement constituted a nonfrivolous allegation of involuntariness of resignation).

B.     <u>The Administrative Judge Erred in Determining that the Board Lacked Jurisdiction Over Mr. Ahmed's Appeal</u>

The Board's appellate jurisdiction is limited to agency actions over which it has been granted jurisdiction by law, rule, or regulation. 5 U.S.C. § 7701(a). Appealable agency actions include removals and suspensions for more than 14 days. 5 U.S.C. §§ 7512, 7513(d). Additionally, the Federal Circuit has recognized that "seemingly voluntary actions in some circumstances may be considered adverse actions" over which the Board has jurisdiction. *Garcia v. Dep't of Homeland Sec.*,

437 F.3d 1322, 1328 (Fed. Cir. 2006) (en banc). Specifically, the Board has jurisdiction "if the employee proves, by a preponderance of the evidence, that [his or her action] was involuntary and thus tantamount to [a forced enumerated adverse action]." *Id.* at 1329 (alterations in original) (citing *Shoaf v. Dep't of Agric.*, 260 F.3d 1336, 1341 (Fed. Cir. 2001)); *see also Murray v. U.S. Postal Service*, 68 M.S.P.R. 177, 179 (1995).

An involuntary retirement is tantamount to a removal and is therefore subject to the MSPB's jurisdiction. *Vitale v. Department of Veterans Affairs*, 107 M.S.P.R. 501 (MSPB 2007).[1]  In the context of constructive resignations and retirements, the decision to retire or resign is presumed voluntary, and this presumption will prevail unless the employee comes forward with sufficient evidence to establish that the resignation or retirement was involuntarily extracted. *Rosario-Fabregas v. Merit Sys. Prot. Bd.*, 833 F.3d 1342 (Fed. Cir. 2016), citing *Garcia*, 437 F.3d 1322 (Fed. Cir. 2006).

Another involuntary action that the Board has jurisdiction over is an appeal based on a "constructive suspension" -- an involuntary absence from an agency for more than 14 days. *Halloway v. U.S. Postal Serv.*, 993 F.2d 219, 220-21 (Fed. Cir. 1991) (the dispositive inquiry for whether there has been a suspension for

---

[1] *See Gratehouse v. United States,* 206 Ct. Cl. 288, 512 F.2d 1104, 1108 (Ct. Cl. 1975).  ("[I]t is hornbook law ... that an involuntary resignation constitutes an adverse action by the agency.")

jurisdictional purposes is "whether the employee's absence from the agency was voluntary or involuntary"); *see also Martin v. U.S. Postal Service*, 123 M.S.P.R. 189 (Jan 21, 2016) (clarifying that a constructive suspension occurs when appellant alleges that leave status was not voluntary).

If an appellant makes nonfrivolous allegations of fact that, if proven, could establish jurisdiction over his constructive removal appeal and he has requested a hearing, then he is entitled to a jurisdictional hearing. *Garcia*, 437 F.3d at 1344. Where the appellant has not requested a hearing, however, the threshold question is not whether he has raised a nonfrivolous allegation of jurisdiction, but whether he has established by preponderant evidence that the Board has jurisdiction over his appeal. *See id.*

AJ Chung was incorrect in determining that Mr. Ahmed failed to bring forth sufficient evidence establishing Board jurisdiction over his appeal.

       i.    <u>Mr. Ahmed's Case is Subject to Board Jurisdiction Because He Involuntarily Resigned Based on Agency Misrepresentation.</u>

Mr. Ahmed's case is subject to Board jurisdiction because Mr. Ahmed brough forth sufficient evidence that he involuntarily resigned based on the Agency's misrepresentation, even if that misrepresentation was not necessarily intentional misrepresentation.

An involuntary resignation is tantamount to a removal that is appealable to the Board. *Garcia*, 437 F.3d at 1328. One measure of the analysis of whether a

resignation is voluntary is whether the employee ***made an informed choice (emphasis added)***. *See Baldwin v. Dept. of Veterans Affairs*, 111 M.S.P.R. 586 (Jul. 9, 2009); citing *Covington v. Dept. of Health and Human Services*, 750 F.2d 937, 942 (Fed. Cir. 1984); *Scharf v. Dept. of the Air Force*, 710 F.2d 1572, 1574-75 (Fed. Cir. 1983). The presumption of voluntariness can be rebutted by showing that the decision was the result of agency misrepresentation, and not necessarily intentional misrepresentation. *See Salazar v. Dept. of the Army*, 115 M.S.P.R. 296 (Dec. 7, 2010), citing *Covington*, 750 F.2d at p. 942 (Fed. Cir. 1984) and *Aldridge v. Dept. of Agriculture*, 111 M.S.P.R. 670, ¶ 8 (2009); *see also Conforto v. Merit Sys. Prot. Bd.*, 713 F.3d 1111, 1121 (Fed. Cir. 2013); *see also Terban v. Dep't of Energy*, 216 F.3d 1021, 1024 (Fed. Cir. 2000).

Thus, a resignation or retirement is involuntary if it is obtained by an agency's giving of misinformation, even unintentional giving of misinformation. *Scharf*, 710 F.2d at 1574. *Scharf* held that an objective test applies to such situations and that a court in applying this test will not inquire into the "subjective perceptions of the employee" or "the subjective intentions of the agency." 710 F.2d at 1575. There is no requirement that an employee be intentionally deceived about his employment options, it being sufficient that "the employee shows that a reasonable person would have been misled by the agency's statements." *Id.* "The misleading information can be negligently or even innocently provided; if the employee materially relies on the

misinformation to his detriment, his retirement is considered involuntary." *Covington*, 750 F.2d at 942.

On June 2, 2018, Mr. Ahmed and the Agency entered into a Settlement Agreement ("Agreement") and specifically pursuant and only pursuant to the terms in the Agreement, Mr. Ahmed agreed to resign from the Agency, effective December 8, 2018. Appx193-197, Appx1048. Pursuant to the Agreement, and specifically and only in exchange for Mr. Ahmed's promise to resign, among other promises, the Agency promised to rescind the subject Notice of Proposed Removal, dated November 6, 2017; to allow Mr. Ahmed to continue working until July 6, 2018; to use annual leave between July 6, 2018, and July 20, 2018; and to remain on Leave without Pay status until December 8, 2018. The Agency processed Mr. Ahmed's resignation, effective December 8, 2018. Appx193-197, Appx1048.

On October 18, 2018, Mr. Ahmed notified the Agency that it was in breach of the Agreement after it became clear that the Agency would not fulfill its promise to rescind the subject Notice of Proposed Removal. Appx29. On November 29, 2018, the Agency issued a Breach Decision finding that there had not been a breach of the Agreement. Appx199-203. Mr. Ahmed then appealed this Decision to the Equal Employment Opportunity Commission's ("EEOC") Office of Federal Operations ("OFO"), and on March 3, 2020, the OFO issued a decision, determining that a mutual mistake of law occurred in that both parties relied upon the material and

erroneous assumption that the clean record provision in the Agreement was lawful and enforceable. Appx205-213. The OFO therefore determined that, as a remedy, Mr. Ahmed should be given the option to void the Agreement. Appx205-213.

The OFO decision included analysis of the clean record provision in the Agreement which required the Agency to fully expunge the subject Notice of Proposed Removal by expunging it and any document referencing it from Mr. Ahmed's personnel file, in order to effectively rescind the proposed removal. The Agency argued that Executive Order 13839, as clarified by OPM's *Interpretive Guidance*, prevented it from removing the Proposed Removal from Mr. Ahmed's file. The OFO determined: "We will not make any determination on whether or not Executive Order 13839 or OPM's Interpretive Guidance applies to this settlement agreement. Based on the Agency assertion that it cannot now comply with provision 2.b(i), we find that the appropriate action is to provide Complainant with the opportunity to have the underlying complaint reinstated for continued processing, as fully addressed in our Order below." Appx209. Importantly, this suggests that the OFO effectively held that Petitioner's right to void the Agreement awarded in the OFO Decision goes beyond a mere mutual mistake analysis; but rather, the OFO held that the Agency went a step further and on its own decided to not effectuate the resignation regardless of what the law was or how it would ultimately have been interpreted by a court.

Additionally, the OFO decision addressed the issue of bad faith and mutual mistake. The OFO determined that "both parties relied upon the material and erroneous fact that the Agency would be able to rescind Complainant's November 6, 2017 Proposed Removal from his personnel file. Because this mutual mistake was material and the settlement agreement contained other valuable consideration, we determine that Complainant has the option to void the subject settlement agreement." Appx210. Pursuant to this language in the Decision, the mutual mistake appears to have been one of both law and fact and is therefore subject to an analysis involving both.

On March 12, 2020, Mr. Ahmed notified the Agency of his decision to void the entire Agreement and to have the underlying EEO complaint reinstated from the point of processing. Appx215. On July 2, 2020, the Agency uploaded Mr. Ahmed's decision to reinstate the complaint and the Report of Investigation into FedSep, and on July 7, 2020, the EEOC's Houston District Office issued an Acknowledgment Order in EEOC Case No. 460-2020-00231X. Appx303-308.

The March 3, 2020, OFO Decision did not make any determination regarding whether or not Executive Order 13839 or OPM's Interpretive Guidance regarding EO 13938 applied to the Agreement involved in this case. However, the OFO did find that the parties made a mutual mistake of a material term in the formation of the Settlement Agreement, and this mistake made the Agreement voidable upon Mr.

Ahmed's choice – a choice which he formally exercised, rendering the Agreement void. Mr. Ahmed's resignation was only voluntary to the extent that he voluntarily entered into an Agreement, wherein the Agency bargained for his resignation as one of the material terms comprising the contractual consideration given to the Agency by the Petitioner. Upon the voiding of the Agreement, the resignation was voided along with it, and was clearly otherwise canceled, revoked, and/or invalidated. The Agency's insistence thereafter on continuing to act as if the resignation, which no longer existed, was still effective, rendered the action an involuntary resignation and placed this issue squarely within the Board's jurisdiction. *See Salazar* v, 115 M.S.P.R. 296 (Dec. 7, 2010) (appellant's retirement was involuntary when he reasonably relied upon misinformation provided by the agency); *see also Carter* v, 6 M.S.P.R. at 97 (agency did not keep its promise to give the appellant a clean record and was ordered to cancel the constructive removal/resignation).

It is hornbook law that an involuntary resignation constitutes an adverse action by an agency, and the Board has jurisdiction to hear cases involving adverse actions including involuntary resignations and removals. Mr. Ahmed has rebutted the presumption that his resignation was voluntary by bringing forth sufficient evidence that he resigned based on material reliance on a mistake of fact and/or law (whether mutual or otherwise) as well as the Agency's misrepresentations that all of the terms in the Agreement at stake were enforceable, even if those misrepresentations were

not intentional; and by bringing forth sufficient evidence that the Agency continued to act as though the resignation was in full force and effect, even after it was completely voided. As a result, Mr. Ahmed was subjected to an involuntary resignation, and the Board has jurisdiction over his claims. Therefore, the Board's Decision in the case must be reversed.

      ii.    <u>Mr. Ahmed's Case is Subject to Board Jurisdiction Because His Case Involves Constructive Suspension.</u>

Mr. Ahmed's case is also subject to Board jurisdiction because the Agency constructively suspended him.

Another involuntary action that the Board has jurisdiction over is an appeal based on a "constructive suspension" -- an involuntary absence from an agency for more than 14 days. *Halloway*, 993 F.2d at 220-21 (Fed. Cir. 1991) (the dispositive inquiry for whether there has been a suspension for jurisdictional purposes is "whether the employee's absence from the agency was voluntary or involuntary"); *see also Martin*, 123 M.S.P.R. 189 (Jan 21, 2016) (clarifying that a constructive suspension occurs when appellant alleges that leave status was not voluntary).

As discussed *supra*, when the March 3, 2020, OFO Decision held that there was mutual mistake in the Agreement and allowed Mr. Ahmed to elect to void the Agreement and reinstate his EEO complaint, the Agency did not return him to the *status quo ante*. At that point, the Agency should have allowed him to continue working as if the resignation never occurred, because the resignation was completely

dependent on the validity and enforceability of the Agreement. By voiding the Agreement, Petitioner by necessity voided his resignation as well.

Returning an employee to the *status quo ante* requires that the employee be placed in as nearly as possible in the same situation that he would have been in if the action in question had never occurred. *See Palmer v. U.S. Postal Service*, 50 M.S.P.R. 552, ¶3 (1991) *citing Ferguson v. Dept. of Justice*, 23 M.S.P.R. 55, 56-57 (1984). When the parties executed the Agreement at issue, Mr. Ahmed was employed by the Agency, was working and in a pay status, and had just submitted his response to the Notice of Proposed Removal. Returning Mr. Ahmed to the *status quo ante* required retroactively reinstating him to his employment with the Agency, with backpay and benefits. *See Tyrrell v. Dept. of Veterans Affairs*, 60 M.S.P.R. 276, 278 (1994) (appellant not restored to the status quo ante when he was retroactively reinstated but did not receive all the back pay to which he was entitled).

Mr. Ahmed legitimately voided the Agreement, as discussed *supra*. By voiding the Agreement, the appended resignation became void when the Agreement became void. The Agency failed to pay Petitioner, constituting indefinite suspension, which effectively constructively suspended him from service. The indefinite nature of the suspension was effectively a constructive removal. Accordingly, the Agency constructively suspended/removed Petitioner, the Board has jurisdiction to hear such cases of constructive suspension/removal, and therefore

AJ Chung's *Initial Decision* denying Board jurisdiction in this matter must be reversed.

        iii.    <u>Mr. Ahmed's Case is Subject to Board Jurisdiction Because It</u>
                <u>Involves a Separate and Distinct Action from any Related EEO</u>
                <u>Settlement and is Not a Collateral Attack on any Pertinent EEO</u>
                <u>Settlement.</u>

The Board's Decision fails to address the core arguments in the case and instead frames the issue as one of enforcement. It failed to consider the fact that the Agency's continued reliance on the resignation after it became void was in and of itself a separately actionable basis under which the Board had jurisdiction. It further erred in determining that the employment status of Petitioner after the Agreement was voided was an OFO Enforcement matter, especially given the procedural history and the language in the OFO Decision as discussed above.

The conclusions made by the AJ are erroneous and the decision must be overturned. Mr. Ahmed's case is subject to Board jurisdiction because it involves a separate and distinct action from any related EEO Settlement and is not a collateral attack on any pertinent EEO settlement. Instead, the appeal sought to correct the Agency's constructive discharge of Mr. Ahmed. Although the option to void the Agreement was awarded in the subject EEO OFO Decision, the OFO did not address the issue of whether the Petitioner should be restored to the position, and did not include that relief in its list of ordered actions, Therefore, Petitioner could not enforce compliance with an action that was not ordered. However, when Petitioner

eventually exercised his option to void and therefore voided the EEO settlement agreement on March 12, 2020, it was as if the Agreement no longer existed. Since the Agreement no longer existed, Petitioner never actually resigned from the Agency, and any resignation relied upon would be considered involuntary. Petitioner should therefore have been continuously employed. The Agency's failure to pay Mr. Ahmed, and put him back in his position retroactively, was effectively the same as the Agency proposing a removal, hearing the response to the removal, not deciding on the removal, and then ceasing payment of employee and treating that employee as if they were no longer an employee, resulting in constructive removal/suspension and/or an improper effectuation of a resignation that no longer existed and/or was no longer enforceable.

Importantly, the OFO decision of March 3, 2020 only obligated the EEOC to enforce Mr. Ahmed's underlying EEOC discrimination complaint, resuming from the point of processing that had ceased upon settlement reached on June 2, 2018. The issues of removal, constructive removal, and/or constructive suspension, were not issues in Mr. Ahmed's EEO complaint and therefore could not be reinstated in a subsequent EEOC conference by EEOC AJ Graham on February 10, 2021. Appx1179-1184. Accordingly, that day, AJ Graham issued a Post Conference Order with Deadlines and Record Development Requirements, which memorialized AJ Graham's decision to only reinstate Mr. Ahmed's EEO claims that were dismissed

pursuant to the June 2, 2018 Agreement. Any issues of constructive discharge and/or involuntary resignation were not reinstated. Appx1124, Appx1180.

In her *Initial Decision*, AJ Chung stated that the proper forum for addressing allegations of bad faith, compliance, and enforcement with regarding to a settlement of an EEOC complaint is the OFO/EEOC. It is respectfully submitted, however, that this matter is not an enforcement matter and is a separately actionable matter. Mr. Ahmed resigned involuntarily based on misrepresentation regarding the Agreement, and the Board has jurisdiction to hear such cases of involuntary resignation. The Agency constructively suspended/discharged Mr. Ahmed after failing to restore him to *status quo ante* after the Agreement by which Mr. Ahmed resigned was voided, and therefore the resignation was voided. AJ Chung cited no law in which issues of enforcement of an EEOC settlement agreement supersedes the Board's jurisdiction concerning involuntary resignation or constructive suspension/removal. As the undersigned, after a diligent search, has not found any either, it appears there is none; accordingly, Mr. Ahmed should have been granted Board jurisdiction over his appeal of involuntary resignation and constructive suspension/removal.

The AJ held in her *Initial Decision* that Mr. Ahmed's requested relief stemmed primarily from OFO/EEOC's processing of his PFE and a settlement agreement executed in that forum, and that therefore the OFO/EEOC is the proper

place for him to address his involuntary removal. Petitioner disagrees with this statement. Mr. Ahmed's involuntary resignation, constructive removal, and constructive suspension claims did not accrue as a result of the EEO OFO Decision as it was addressed by OFO. It accrued upon Mr. Ahmed's election to void the Agreement which effectively revoked his resignation, resulting in situation where he should have been continuously employed by the Agency as of the date of the election to void the Agreement. Thus, the Agency's failure to allow him to return to work and to pay him any back pay and/or continuing pay constituted a separately actionable cause of action that was within the jurisdiction of the Board.

The AJ further stated that that the EEOC appeared to be the proper forum for Mr. Ahmed's claims regarding his resignation. However, by definition, mixed case claims are not heard by the EEOC/OFO but rather the MSPB. Any issue of removal and discharge heard in an EEOC forum automatically constitutes a mixed case complaint, and the EEOC is divested of jurisdiction over such issues, with jurisdiction of those issues conferred on the MSPB.

To wit, after the Agreement was voided and Mr. Ahmed's EEOC complaint was reinstated, Mr. Ahmed took place in a status conference with EEOC AJ Graham. That day, AJ Graham issued a Post Conference Order with Deadlines and Record Development Requirements, which memorialized AJ Graham's decision to only reinstate Mr. Ahmed's EEO claims that were dismissed pursuant to the June 2, 2018

29

Agreement. Any issues of removal or constructive discharge were not reinstated. Appx1124, Appx1179-1184. AJ Graham was not able to reinstate or hear the issue of Mr. Ahmed's removal, as the EEOC cannot hear cases involving removals appealable to the Board.[2]

The AJ further held that the Board lacked jurisdiction over Mr. Ahmed's claim because the Board will give force and effect to a term in an agreement that identifies 29 C.F.R. § 1614.504 as the exclusive process to seek enforcement or review from an allegation of breach. Appx8. That point is not dispositive in this case, however, as the Agreement at issue did not identify 29 C.F.R. § 1614.504 or OFO/EEOC as the sole forum for addressing issues of compliance with the Agreement. Appx196. Moreover, the claims at issue in this case did not arise out of the EEO action and accrued only after the Settlement Agreement was voided.

Importantly, the subsequent Offer of Resolution in the EEO case that the AJ cited in her Initial Decision, specifically by its own language, limits the waivers involved only to claims under that case's docket number; not Board claims or even

---

[2] *See* EEOC Management Directive 110 Chapter 4: "A 'mixed case complaint' is a complaint of employment discrimination filed with a federal agency based on race, color, religion, sex, national origin, age, disability, genetic information, or reprisal related to or stemming from an action that may be appealed to the MSPB…A 'mixed case appeal' is an appeal filed directly with the MSPB that alleges that an appealable agency action was effected, in whole or in part, because of discrimination on the basis of race, color, religion, sex, national origin, disability, age, genetic information, or reprisal. *There is no right to a hearing before a Commission Administrative Judge on a mixed case complaint*" (emphasis added)."

other EEO claims or any other claims.  As a result, the Offer of Resolution in that case had absolutely no effect on the Board's jurisdiction over the instant claims.

The AJ further held that "[t]he Board generally lacks authority to enforce or invalidate a settlement agreement in another forum, and the Board generally does not allow an appeal that amounts to a collateral attack on a settlement agreement." *citing Johnson v. U.S. Postal Service*, 108 M.S.P.R. 502, ¶ 8, n. 5 (2008), *aff'd*, 315 F. App'x 274 (Fed. Cir. March 9, 2009).  Appx8.  However, *Johnson* involved the issue of whether or not the Board had jurisdiction to interpret a signed settlement agreement, including whether or not the settlement agreement was binding on the petitioner.  This case, however, does not involve a question of contract interpretation or a question of whether or not the Agreement was binding on Mr. Ahmed, as it is undisputed that Mr. Ahmed legitimately and effectively voided the Agreement.  The issue in this case is that Mr. Ahmed resigned involuntarily and that the Agency constructive suspended/discharged Mr. Ahmed by failing to restore him to the *status quo ante* after he voided the Agreement and the appended resignation.  Therefore, this case is not a "collateral attack on a settlement agreement," as the Agreement no longer exists.  Rather, the *nonexistence* of the settlement agreement—and by operation the resignation—triggers Mr. Ahmed's jurisdiction under a theory of involuntary resignation and/or constructive suspension/removal.  The ability to *void* the Agreement would have been an action covered under enforcement, but the OFO,

31

through the language in its Decision and subsequent actions regarding the compliance action, demonstrated that it was leaving other courts to further enforce *other* legal rights that accrued upon the voiding of the Agreement.

Accordingly, Petitioner respectfully submits that the AJ erred when she determined that despite the OFO's refusal to docket Mr. Ahmed's PFE, the inability to obtain relief before the EEOC did not confer Board jurisdiction over the matter. This conclusion is error because it presupposes that the involuntary resignation occurred in conjunction with the EEO claims and/or the Breach Action in front of the OFO. Rather, the involuntary resignation occurred when, after the Agreement was voided and ceased to exist, and after the resignation thereby also ceased to exist, Petitioner repeatedly asked to be allowed to continue working in his position, only for the Agency to repeatedly act as if the resignation were still effective, and continue to treat Petitioner as if he were separated, pursuant to the now-void and non-existent resignation. The Board has jurisdiction to hear such cases of involuntary resignation and constructive suspension/removal. Accordingly, Mr. Ahmed's Board appeal did not constitute a collateral attack on the OFO/EEOC process, the Board had jurisdiction to hear his appeal, and therefore AJ Chung's *Initial Decision* must be reversed.

## VI.      CONCLUSION AND PRAYER FOR RELIEF

Mr. Ahmed respectfully requests this Honorable Court reverse the *Initial Decision*, finding that the Board has jurisdiction over Mr. Ahmed's claims, and remand the instant action for further processing. Moreover, given the AJ's errors, Petitioner respectfully requests the Court consider reassignment upon remand as appropriate. *See Alta Wind I Owner Lessor C v. United States*, 897 F.3d 1365, 1382 (Fed. Cir. 2018); *Contreras v. Sec'y of Health & Hum. Servs.*, 844 F.3d 1363, 1369 (Fed. Cir. 2017).

Respectfully submitted,

/s/ Michael Kleinman, Esq.
Law Offices of Eric L. Pines, PLLC
10101 Fondren Road, Suite 575
Houston, Texas 77096
www.PinesFederal.com
michael@pinesfederal.com
800-801-0598 ext. 1008 (Office)
888-215-0397 (Fax)

# ADDENDUM

# TABLE OF CONTENTS

**Appendix Page**

**Initial Decision of
The United States Merit Systems Protection Board**
     filed October 4, 2021 ...........................................................................1

# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD
## DALLAS REGIONAL OFFICE

AHMED AHMED,

               Appellant,

      v.

DEPARTMENT OF HOMELAND
    SECURITY,

               Agency.

DOCKET NUMBER
DA-0752-21-0003-I-1

DATE: October 4, 2021

Justin Schnitzer, Esquire, Houston, Texas, for the appellant.

Cary E. Zuk, Esquire, San Francisco, California, and Michele Kenney,
    Esquire, San Diego, California, for the agency.

**BEFORE**
Theresa J. Chung
Administrative Judge

## INITIAL DECISION

## INTRODUCTION

On October 1, 2020, the appellant filed this appeal.  Initial Appeal File (IAF), Tab 1.  The agency moved to dismiss based on lack of Board jurisdiction. IAF, Tab 11.  There are outstanding questions of timeliness and Board jurisdiction.[1]

---

[1] The Board issued an Order to the appellant regarding the timeliness of the appeal. IAF, Tab 3.  However, because this appeal is dismissed for lack of appellate jurisdiction, I make no findings on the issue of timeliness.

2

The appellant withdrew his request for a hearing.  IAF, Tab 22.  The record in this matter is closed.  IAF, Tabs 29, 41, 42, 50.  Based on the following findings and analysis, I GRANT the agency's motion and DISMISS this appeal for lack of Board appellate jurisdiction.

## ANALYSIS AND FINDINGS

<u>Background</u>

The following facts are undisputed.  The agency employed the appellant as a Deportation Officer, GS-1801-12, with a duty station of Houma, Louisiana.  IAF, Tab 13 at 51.  On May 11, 2017, the appellant filed a formal Equal Employment Opportunity (EEO) complaint of discrimination, Agency Case No. HS-ICE-00782-2017, alleging discrimination based on his national origin (Egyptian/Arab), religion (Muslim), and reprisal (prior EEO activity).  *Id.* at 64-70.

On November 6, 2017, the agency proposed the appellant's removal based on charges of Absence Without Leave, Lack of Candor, and Falsification.  IAF, Tab 9 at 19-27.  On March 7, 2018, the appellant submitted a written response to the proposed removal.  *Id.* at 29-48.

On June 2, 2018, the parties entered into a settlement agreement of the appellant's EEO complaint.  *Id.* at 50-54.  The appellant agreed to withdraw his complaint before the Equal Employment Opportunity Commission (EEOC), to waive claims against the agency, and to resign on or before December 8, 2018. *Id.* at 50-51.  The agency agreed to rescind the Notice of Proposed Removal, dated November 6, 2017; to allow the appellant to continue working until July 6, 2018; to use annual leave between July 6, 2018, and July 20, 2018; and to remain on Leave without Pay status until December 8, 2018.  *Id.* at 51-52.  The agency processed the appellant's resignation, effective December 8, 2018.  IAF, Tab 13 at 51-52, Tab 44 at 8.

3

Section 9 of the settlement agreement is entitled, "NONCOMPLIANCE PROCEDURE." IAF, Tab 9 at 53. Under this section, if the appellant (referred to in the agreement as the "Complainant") believed the agency failed to comply with the agreement, he was to notify the U.S. Department of Homeland Security Office for Civil Rights and Civil Liberties (CRCL) of the alleged noncompliance. *Id.* Further, under the agreement:

> Complainant may request that the specific term(s) of the Settlement Agreement be specifically implemented or, alternatively, that the complaint be reinstated for further processing from the point processing ceased. CRCL will attempt to resolve the matter and respond to Complainant, in writing. If CRCL has not responded to Complainant, in writing, or if Complainant is not satisfied with CRCL's attempt to resolve the matter, Complainant may appeal to the Equal Employment Opportunity Commission for a determination as to whether the Agency has complied with the terms of the Settlement Agreement. Complainant may file such an appeal beginning 35 calendar days after he has served CRCL with the allegations of noncompliance, but no later than 30 calendar days after receipt of CRCL's written decision on noncompliance. Complainant must serve a copy of the appeal on the Agency. The parties agree that monetary damages are not available to either party as a remedy for a breach of this Settlement Agreement.

*Id.*

On October 20, 2018, the appellant contacted CRCL, alleging the agency breached the settlement agreement. *Id.* at 57. This issue was briefed and handled pursuant to EEO compliance procedures under 29 C.F.R. § 1614.504(b), resulting in a Breach Decision by CRCL on November 29, 2018. *Id.* at 56. In its Breach Decision, CRCL concluded the agency had "substantially performed in accordance with the terms of the settlement agreement." *Id.* CRCL informed the appellant of his right to appeal to the EEOC or to file a civil action in Federal District Court. *Id.* CRCL further provided the appellant with a copy of EEOC Form 573 for appellant's submission to EEOC's Office of Federal Operations, should he decide to file an appeal. *Id.*

4

Pursuant to EEO regulations, the appellant then filed a timely appeal with the EEOC's Office of Federal Operations (OFO). *Id.* at 62. On March 3, 2020, the OFO issued a decision, concluding the parties had made an "erroneous assumption" with regard to the agreement, and that there had been a mutual mistake. *Id.* at 67. Therefore, the OFO remanded the action to the agency to notify the appellant of several options with regard to the settlement agreement, including the option to void the settlement agreement and resume processing of his EEO complaint, which would require returning any benefits he received from the agency under the agreement. *Id.* at 67-68.

Under the heading, "Implementation of the Commission's Decision," the OFO decision stated:

> If the Agency does not comply with the Commission's order, the Complainant may petition the Commission for enforcement of the order. 29 C.F.R. § 1614.503(a). The Complainant also has the right to file a civil action to enforce compliance with the Commission's order prior to or following an administrative petition for enforcement. See 29 C.F.R. §§ 1614.407, 1614.408, and 29 C.F.R. § 1614.503(g). Alternatively, the Complainant has the right to file a civil action on the underlying complaint in accordance with the paragraph below entitled "Right to File a Civil Action." 29 C.F.R. §§ 1614.407 and 1614.408. A civil action for enforcement or a civil action on the underlying complaint is subject to the deadline stated in 42 U.S.C. 2000e-16(c) (1994 & Supp. IV 1999). **If the Complainant files a civil action, the administrative processing of the complaint, including any petition for enforcement, will be terminated.** See 29 C.F.R. § 1614.409.

*Id.* at 68 (emphasis as in original). Further, the OFO decision also set forth the parties' right to request reconsideration. *Id.* at 68-69. The OFO decision also explained the appellant's ability to file a civil action in U.S. District Court "on both the portion of [his] complaint which the Commission has affirmed and that portion of the complaint which has been remanded for continued administrative processing." *Id.* at 69.

On March 12, 2020, the appellant informed the agency he elected to void the settlement agreement and to reinstate his underlying EEO complaint. *Id.* at 72. On August 21, 2020, the appellant filed a Petition for Enforcement with the OFO, asking the OFO to require the agency to withdraw his resignation and return the appellant to the position he was in before the agreement. *Id.* at 74, 79. The appellant argued the agency improperly failed to rescind or reverse his resignation and restore him to his position. *Id.* at 77. The appellant requested retroactive reinstatement with back pay and benefits. *Id.* at 79.

On August 27, 2020, the agency issued a report to the Compliance Officer, EEOC, OFO, regarding its compliance with the OFO decision. *Id.* at 84-85. The agency stated it had returned the appellant's EEO complaint to the same point in processing prior to the settlement agreement. *Id.* at 85. On September 4, 2020, OFO sent a closure letter to the appellant, stating it had ceased compliance monitoring, and "the recent request for a Petition for Enforcement will not be docketed since the issues in this case will be addressed by the [EEOC] administrative judge." *Id.* at 88. OFO informed the parties the appellant's EEO complaint was forwarded to an EEOC Administrative Judge for a hearing (EEOC No. 420-2020-00231X).[2] *Id.* The appellant asked OFO to keep the "Compliance monitoring" open and docket his Petition for Enforcement. *Id.* at 90-91. OFO management reviewed the appellant's case. *Id.* at 93. On September 21, 2020, the Commission advised the appellant the EEOC had decided *not* to docket a Petition for Enforcement, and that the appellant should communicate "all of the issues of this case with the [EEOC] Administrative Judge." *Id.* at 97-98.

On October 1, 2020, the appellant filed this Board appeal. IAF, Tab 1. In his appeal, he noted he was appealing a "Failure to restore/reemploy/reinstate or improper restoration/reemployment reinstatement," and a "Constructive

---

[2] This appears to be a typo as the appellant's EEOC complaint was EEOC No. 460-2020-00231X. IAF, Tab 13 at 23, Tab 51 at 7, 12.

Discharge." *Id.* at 7. Further, he stated the agency had failed to reinstate him to his position. *Id.* I found the appellant had made a nonfrivolous allegation of Board jurisdiction and scheduled a hearing. IAF, Tab 12. The appellant withdrew his request for a hearing. IAF, Tab 22.

On November 20, 2020, the agency removed the appellant, stating the removal was retroactive to July 6, 2018.[3] IAF, Tab 17 at 4. The agency filed a motion to dismiss this Board appeal as moot. *Id.* The agency argued the removal action cancelled his December 8, 2018, resignation, and that his Board appeal therefore was moot. *Id.* at 5; *see also* IAF, Tab 23. The appellant opposed this motion, contending the agency constructively discharged him by failing to reinstate him. IAF, Tab 34 at 17. Further, the appellant argued the retroactive removal action was improper.[4] *Id.*

In the course of the appellant's reinstated EEOC complaint (EEOC No. 460-2020-00231X), on March 18, 2021, the appellant accepted the Agency's Offer of Resolution.[5] IAF, Tab 51 at 7-11. Under the Offer of Resolution, the appellant's acceptance of the offer "fully resolve[d] EEOC case number 460-2020-00231X … and result[ed] in the permanent cessation of the processing of his complaint." *Id.* at 9. The parties further agreed to raise any breach issues with CRCL, and that the EEOC would have jurisdiction over any breach issues. *Id.* Pursuant to that Offer of Resolution, the EEOC Administrative Judge

---

[3] The appellant filed a separate appeal regarding his removal. *Ahmed v. Department of Homeland Security*, MSPB Docket No. DA-0752-21-0104-I-1.

[4] Because I dismiss this appeal for lack of Board jurisdiction, I need not resolve the question of whether this appeal is moot due to the retroactive removal. IAF, Tabs 17, 18.

[5] Under 29 C.F.R. § 1614.109(c) and EEOC Management Directive 110, Chapter 6, Section XIII, acceptance of an offer of resolution results in a full settlement, and processing of the pending EEOC matter ceases.

dismissed EEOC No. 460-2020-00231X with prejudice on April 8, 2021. *Id.* at 12-14.

<u>The Board Lacks Jurisdiction Over This Action.</u>

The appellant has the burden of proving, by preponderant evidence,[6] his appeal is within the Board's jurisdiction. *See* 5 C.F.R. § 1201.56(b)(2)(i)(A).

The appellant argues the agency improperly failed to restore him to the *status quo ante* after he chose to rescind the settlement agreement, and that the agency thereby subjected him to a constructive discharge. IAF, Tab 46 at 9. He argues the Board has jurisdiction on this basis. *Id.* He states, "the Board should decide here that the Agency failed to follow the law and restore Appellant to *status quo ante* upon voidance of that agreement." *Id.* at 10. The agency's "failure to place Appellant back to work constituted a constructive removal...." *Id.*

In essence, the appellant claims the agency's failure to reinstate him—after he elected to invalidate the parties' settlement agreement—is an appealable action before the Board. He argues the agency's failure to reinstate him violates the OFO order, and further suggests the OFO's processing of his Petition for Enforcement was improper. Under these unique facts and circumstances, I find the appellant has not established Board jurisdiction.

Generally, the proper forum for addressing allegations of bad faith, compliance, and enforcement, with regard to a settlement agreement of an EEOC complaint is the OFO/EEOC, and not the Board. *See* 29 C.F.R. § 1614.504. This is reflected in the fact the appellant initially requested reinstatement through the OFO/EEOC. Here, where the appellant's requested relief stems primarily from OFO/EEOC's processing of his Petition for Enforcement and a settlement

---

[6] Preponderant evidence is that degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue. 5 C.F.R. § 1201.4(q).

agreement executed in that forum, I find the Board lacks jurisdiction over his claims. Rather, the EEOC appears to be the proper forum for the appellant's claims regarding his resignation, and the appellant should seek review of any OFO determinations through those processes set forth by the EEOC.[7] In this vein, the Board gives force and effect to a term in an agreement that identifies 29 C.F.R. § 1614.504 as the exclusive process to seek enforcement or review from an allegation of breach. *See, e.g.*, *Fuentes v. Department of Health & Human Services*, 111 M.S.P.R. 246, ¶ 3 (2009) (the plain language in the agreement demonstrates the parties intended to have the enforcement resolved in an action taken pursuant to 29 C.F.R. § 1614.504). Under the unique circumstances of this appeal, the appellant has failed to establish his burden of demonstrating Board jurisdiction over his claims. Insofar as the parties have resolved and voluntarily concluded the proceedings on the appellant's pending EEO complaint, that resolution further calls into question the Board's jurisdiction. The Board generally lacks authority to enforce or invalidate a settlement agreement in another forum, and the Board generally does not allow an appeal that amounts to a collateral attack on a settlement agreement. *See Johnson v. U.S. Postal Service*, 108 M.S.P.R. 502, ¶ 8, n. 5 (2008), *aff'd*, 315 F. App'x 274 (Fed. Cir. March 9, 2009).

This is essentially an EEOC/OFO compliance matter over which the Board lacks jurisdiction. The appellant states that, because of the "EEOC OFO's refusal to docket his PFE," he is "unable to have any independent review of the Agency's failure to reinstate his employment and return him to the *status quo ante*." IAF, Tab 8 at 10. However, the inability to obtain relief before the EEOC does not confer Board jurisdiction over this matter.

---

[7] The EEOC/OFO's findings on the parties' settlement agreement, and its manner of processing the appellant's complaints, are not issues before me in this appeal, and I lack authority to adjudicate such claims.

9

Based on a careful review of the record, I find the appellant has not established the Board's jurisdiction over this appeal. Accordingly, the appeal must be dismissed for lack of jurisdiction.

## DECISION

The appeal is DISMISSED.


FOR THE BOARD: _____/S/_____

Theresa J. Chung
Administrative Judge

## NOTICE TO PARTIES CONCERNING SETTLEMENT

The date that this initial decision becomes final, which is set forth below, is the last day that the parties may file a settlement agreement, but the administrative judge may vacate the initial decision in order to accept such an agreement into the record after that date. *See* 5 C.F.R. § 1201.112(a)(4).

## NOTICE TO APPELLANT

This initial decision will become final on **November 8, 2021**, unless a petition for review is filed by that date. This is an important date because it is usually the last day on which you can file a petition for review with the Board. However, if you prove that you received this initial decision more than 5 days after the date of issuance, you may file a petition for review within 30 days after the date you actually receive the initial decision. If you are represented, the 30-day period begins to run upon either your receipt of the initial decision or its receipt by your representative, whichever comes first. You must establish the date on which you or your representative received it. The date on which the initial decision becomes final also controls when you can file a petition for review with one of the authorities discussed in the "Notice of Appeal Rights" section, below. The paragraphs that follow tell you how and when to file with the Board or one of

those authorities. These instructions are important because if you wish to file a petition, you must file it within the proper time period.

## BOARD REVIEW

You may request Board review of this initial decision by filing a petition for review.

If the other party has already filed a timely petition for review, you may file a cross petition for review. Your petition or cross petition for review must state your objections to the initial decision, supported by references to applicable laws, regulations, and the record. You must file it with:

The Clerk of the Board
Merit Systems Protection Board
1615 M Street, NW.
Washington, DC 20419

A petition or cross petition for review may be filed by mail, facsimile (fax), personal or commercial delivery, or electronic filing. A petition submitted by electronic filing must comply with the requirements of 5 C.F.R. § 1201.14, and may only be accomplished at the Board's e-Appeal website (https://e-appeal.mspb.gov).

## NOTICE OF LACK OF QUORUM

The Merit Systems Protection Board ordinarily is composed of three members, 5 U.S.C. § 1201, but currently there are no members in place. Because a majority vote of the Board is required to decide a case, *see* 5 C.F.R. § 1200.3(a), (e), the Board is unable to issue decisions on petitions for review filed with it at this time. *See* 5 U.S.C. § 1203. Thus, while parties may continue to file petitions for review during this period, no decisions will be issued until at least two members are appointed by the President and confirmed by the Senate. The lack of a quorum does not serve to extend the time limit for filing a petition or cross petition. Any party who files such a petition must comply with the time limits specified herein.

11

For alternative review options, please consult the section below titled "Notice of Appeal Rights," which sets forth other review options.

### Criteria for Granting a Petition or Cross Petition for Review

Pursuant to 5 C.F.R. § 1201.115, the Board normally will consider only issues raised in a timely filed petition or cross petition for review. Situations in which the Board may grant a petition or cross petition for review include, but are not limited to, a showing that:

(a) The initial decision contains erroneous findings of material fact. (1) Any alleged factual error must be material, meaning of sufficient weight to warrant an outcome different from that of the initial decision. (2) A petitioner who alleges that the judge made erroneous findings of material fact must explain why the challenged factual determination is incorrect and identify specific evidence in the record that demonstrates the error. In reviewing a claim of an erroneous finding of fact, the Board will give deference to an administrative judge's credibility determinations when they are based, explicitly or implicitly, on the observation of the demeanor of witnesses testifying at a hearing.

(b) The initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case. The petitioner must explain how the error affected the outcome of the case.

(c) The judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case.

(d) New and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. To constitute new evidence, the information contained in the documents, not just the documents themselves, must have been unavailable despite due diligence when the record closed.

As stated in 5 C.F.R. § 1201.114(h), a petition for review, a cross petition for review, or a response to a petition for review, whether computer generated, typed, or handwritten, is limited to 30 pages or 7500 words, whichever is less. A reply to a response to a petition for review is limited to 15 pages or 3750 words, whichever is less. Computer generated and typed pleadings must use no less than 12 point typeface and 1-inch margins and must be double spaced and only use one side of a page. The length limitation is exclusive of any table of contents, table of authorities, attachments, and certificate of service. A request for leave to file a pleading that exceeds the limitations prescribed in this paragraph must be received by the Clerk of the Board at least 3 days before the filing deadline. Such requests must give the reasons for a waiver as well as the desired length of the pleading and are granted only in exceptional circumstances. The page and word limits set forth above are maximum limits. Parties are not expected or required to submit pleadings of the maximum length. Typically, a well-written petition for review is between 5 and 10 pages long.

If you file a petition or cross petition for review, the Board will obtain the record in your case from the administrative judge and you should not submit anything to the Board that is already part of the record. A petition for review must be filed with the Clerk of the Board no later than the date this initial decision becomes final, or if this initial decision is received by you or your representative more than 5 days after the date of issuance, 30 days after the date you or your representative actually received the initial decision, whichever was first. If you claim that you and your representative both received this decision more than 5 days after its issuance, you have the burden to prove to the Board the earlier date of receipt. You must also show that any delay in receiving the initial decision was not due to the deliberate evasion of receipt. You may meet your burden by filing evidence and argument, sworn or under penalty of perjury (*see* 5 C.F.R. Part 1201, Appendix 4) to support your claim. The date of filing by mail is determined by the postmark date. The date of filing by fax or by electronic

filing is the date of submission.  The date of filing by personal delivery is the date on which the Board receives the document.  The date of filing by commercial delivery is the date the document was delivered to the commercial delivery service.  Your petition may be rejected and returned to you if you fail to provide a statement of how you served your petition on the other party.  *See* 5 C.F.R. § 1201.4(j).  If the petition is filed electronically, the online process itself will serve the petition on other e-filers.  *See* 5 C.F.R. § 1201.14(j)(1).

A cross petition for review must be filed within 25 days after the date of service of the petition for review.

## NOTICE TO AGENCY/INTERVENOR

The agency or intervenor may file a petition for review of this initial decision in accordance with the Board's regulations.

## NOTICE OF APPEAL RIGHTS

You may obtain review of this initial decision only after it becomes final, as explained in the "Notice to Appellant" section above.  5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this decision when it becomes final, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions

about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) <u>Judicial review in general</u>**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date this decision becomes final</u>.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) <u>Judicial or EEOC review of cases involving a claim of discrimination</u>**.  This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain

judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after this decision becomes final</u> under the rules set out in the Notice to Appellant section, above.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017). If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after this decision becomes final</u> as explained above.  5 U.S.C. § 7702(b)(1).

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

16

(3) **Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8) or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.  The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date this decision becomes final</u> under the rules set out in the Notice to Appellant section, above.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

       Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

       http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx

CERTIFICATE OF FILING AND SERVICE

    I hereby certify that on this 20th day of May, 2022, I caused this Brief of

Petitioner to be filed electronically with the Clerk of the Court using the CM/ECF

System, which will send notice of such filing to the following registered CM/ECF

users:

> DeAnna Schabacker
> U.S. MERIT SYSTEMS PROTECTION BOARD
> 1615 M. Street, NW, Suite 500
> Washington, DC  20419
> (202) 254-4442
> DeAnna.Schabacker@mspb.gov
>
> *Counsel for Respondent*

/s/ Michael Kleinman, Esq.
*Counsel for Petitioner*

<u>CERTIFICATE OF COMPLIANCE</u>

1.      This brief complies with type-volume limits because, excluding the parts of the document exempted by Fed. R. App. R. 32(f) (cover page, disclosure statement, table of contents, table of citations, statement regarding oral argument, signature block, certificates of counsel, addendum, attachments):

[ X ] this brief contains [*7,709*] words.

[    ] this brief uses a monospaced type and contains [*state the number of*] lines of text.

2.      This brief complies with the typeface and type style requirements because:

[ X ] this brief has been prepared in a proportionally spaced typeface using [*Microsoft Word 365*] in [*14pt Times New Roman*]; *or*

[    ] this brief has been prepared in a monospaced typeface using [*state name and version of word processing program*] with [*state number of characters per inch and name of type style*].

Dated: <u>May 20, 2022</u>                   <u>/s/ Michael Kleinman, Esq.</u>
                                                                    *Counsel for Petitioner*