UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| AHMED AHMED ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ALEJANDRO MAYORKAS, ) <br> SECRETARY, DEPARTMENT OF ) <br> HOMELAND SECURITY, ET. AL., ) <br> ) <br> Defendants. ) <br> ) <br> ) | No: 2:21-cv-02260-WBV-KWR <br><br> Judge Vitter <br><br> Magistrate Roby <br><br><br><br> DATE: January 23, 2022 |

### PLAINTIFF'S WITNESS LIST AND EXHIBIT LIST

**NOW COMES**, Plaintiff Ahmed Ahmed through undersigned counsel, respectfully submits the following Witness List and Exhibit List in accordance with the Court's Scheduling Order.

### WITNESS LIST

Plaintiff may call any of the following witnesses at the trial of this matter:

1. Ahmed Ahmed
2. Peter Michael Mahony, MD
3. Maurice Haddad, MD
4. David Rivera
5. Diane Witte
6. Jaime Crespo
7. Brian Acuna
8. Richard Lovell

Page - 1 - of 7

9. Donald Smith

10. John Milian

11. Randy Paul Morrow

12. Blayne Bergeron

13. John Schmidt

14. Toni Daleo

15. Anas Alqara

16. Michael Mitchell

17. Tomas Alejandro

18. Roderick Baudy

19. Nick Girod

20. Lance Tingler

21. Kris Hardin

22. Timothy Grice

23. Mayo Bonnett

24. Bryan Huesman

25. Jeremy Culligan

26. Thomas Smith

27. Zelroy Simms

28. Matthew Prejean

29. Todd Schexnayder

30. Charlotte Green

31. Serena Curry

32. Jared Atkinson

33. Michael Brunet

34. Shelley Harvey

35. Any and all witnesses listed by Defendants that are not otherwise set forth above.

## EXHIBIT LIST

Plaintiff may use any of the following documents at the trial of this matter:

1. Report of Investigation (including the Declaration of Kristopher Hardin, which was initially left out of the Report of Investigation by Investigator but which was later added) – EEOC No.: 460-2020-00231X and Agency Case No. HS-ICE-000782-2017.

2. All documents previously filed in connection with DA-0752-21-0104-I-1 and its progeny (any such documents will be referred to at any trial of the instant matter as "MSPB 0104-(tab number)-(page number/page range)" or as otherwise directed by the Court.  In the interest of reigning in a large volume of documents, Plaintiff specifically cites the following tabs from the above-mentioned MSPB case as being documents intended to be used for trial (Note: this should not be construed as a limitation on scope of use of the entire record, but is intended to help organize things for the Court for ease of use): Tabs 1, 17-21, 28-36, 43-52, 71, and 86).  Note: A large majority of the documents relevant and material to the instant case are located in the "Agency File," which is the filing the Agency must make at the beginning of an MSPB case which contains its charges and any supporting evidence it alleges it has to support the allegations the Agency made against the employee.

3. All documents previously filed in connection with DA-0752-21-0003-I-1 and its progeny (any such documents will be referred to at any trial of the instant matter as "MSPB 0003-(tab number)-(page number/page range)" or as otherwise directed by the Court.  Note: A large majority of the documents relevant and material to the instant case are located in the "Agency File," which is the filing the Agency must make at the beginning of an MSPB case which contains its charges and any supporting evidence it alleges it has to support the allegations the Agency made against the employee.

4. All documents previously filed in connection with EEOC 460-2020-00231X and Agency No. HS-ICE-00782-20178 and its progeny (any such documents will be referred to at any trial of the instant matter as "EEO-(tab number)-(page number/page range)" or as otherwise directed by the Court.

5. Fully executed Offer of Resolution in EEOC 460-2020-00231X and Agency Case No.: HS-ICE-00782-20178

6. Pictures of EEO Postings in ICE/DHS Offices regarding a finding of discrimination being made against ICE/DHS

7. Plaintiff's eOPF, including all SF-50s, performance appraisals, and performance plans.

8. Video clip of Plaintiff's government-owned vehicle

9. Office of Professional Responsibility Investigative File (any and all portions not otherwise included in the Agency File and/or other filings as set forth herein).

10. Plaintiff's applications for employment and related documents from 2018-Present (USAJobs, Indeed, Ziprecruiter, etc.).

11. Settlement Agreement dated June 2, 2018

12. Plaintiff's allegations of breach of settlement agreement dated October 19, 2018

13. Agency's Decision on Allegations of Breach dated November 29, 2018

14. Plaintiff's appeal to EEOC's Office of Federal Operations (OFO) in response to the Agency's Decision on the Allegations of Breach.

15. OFO Decision finding the Agency in Breach dated March 3, 2020

16. Plaintiff's Subsequent Election to Void the Settlement Agreement and related correspondence

17. Emails and correspondence issued by Agency Officials to Plaintiff and/or his attorneys externally and/or between Agency Officials internally regarding the voiding of the June 2, 2018 Settlement Agreement and Plaintiff's requests to be returned to work as well as the ICE/DHS's decision to not return Plaintiff to work following the agreement becoming void.

18. ICE/DHS's Responses to Plaintiff's Requests dated November 28, 2017

19. ICE/DHS's Responses to Plaintiff's Requests dated December 19, 2017

20. ICE/DHS's Responses to Plaintiff's Requests dated March 30, 2021

21. ICE/DHS's Responses to Plaintiff's Requests dated April 8, 2021

22. ICE/DHS Table of Penalties

23. ICE/DHS Policy regarding the issuance of disciplinary actions, including, but not limited to, major adverse actions

24. Emails between Agency Officials, including, but not limited to, David Rivera, Diane Witte, members of HR, and other Agency Officials and/or Managers leading up to the issuance of

the Proposed Removal and subsequent settlement agreement (which later became void).

25. Emails between Agency Officials, including, but not limited to, David Rivera, Diane Witte, members of HR, and other Agency Officials and/or Managers following the OFO Decision finding the Agency in breach of the 2018 Settlement Agreement.

26. Emails between Agency Officials, including, but not limited to, David Rivera, Diane Witte, members of HR, and other Agency Officials and/or Managers leading up to the issuance of the Proposed Removal and subsequent settlement agreement (which later became void), including but not limited to the November 19, 2020 e-mail concerning Diane Witte's communications with David Rivera and the outcome of the conversations with respect to the issuance of a Decision in the Removal action against Plaintiff.

27. Various publicly available video clips of Jeff Dunham and "Achmed the Dead Terrorist"

28. Publicly available music video for the song "Egyptian Lover" as well as lyric sheets.

29. Various Agency Policies

30. Master Labor Agreement/Collective Bargaining Agreement

31. Plaintiff's Medical Records

32. Any and all exhibits listed by Defendants

Respectfully submitted,

*/s/ Stephen Goldenzweig, Esq.*
Stephen Goldenzweig, Esq.
Attorney for the Plaintiff
Pines Federal Employment Attorneys, PLLC
10101 Fondren Road, Suite 575
Houston, Texas 77096
(800) 801-0598 Ext 1002 (Phone)

(888) 215-0397 (Facsimile)
Email: stephen@pinesfederal.com